JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CONSTRUCTION LABORERS TRUST
FUNDS FOR SOUTHERN CALIFORNIA
ADMINISTRATIVE COMPANY, a
Delaware limited liability company,

                        Plaintiff,

    vs.

GARRISON DEMOLITION AND
ENGINEERING, INC., dba GARRISON
DEMOLITION ENGINEERING, a
California Corporation,

                    Defendant.

Case No.: 2:25-cv-11722-CAS-BFMx

**JUDGMENT BY DEFAULT**

[Fed. R. Civ. P. 55(b)(2)]

DATE:    APRIL 13, 2026
TIME:    10:00 a.m.
PLACE:  Courtroom 8D, 8th Floor
            United States Courthouse
            350 W. 1st Street
            Los Angeles, CA 90012

[Hon. Christina A. Snyder]

The Motion by Plaintiff for Judgment by Default came before this Court by regularly-noticed motion. Upon consideration of the evidence and argument presented, the Motion is GRANTED.

THE COURT FINDS AS FOLLOWS:

Plaintiff has requested an audit of Defendant's books and payroll. However, Defendant has not complied with the request. Plaintiff has presented evidence to prove the damages alleged in the Complaint. Because of the failure of Defendant to produce all required information, there may be more, undiscovered damages. Therefore, final

-1-

monetary judgment will be entered for the known damages, and injunction ordering Defendant to submit to an audit will be issued, without prejudice or res judicata effect, in the event that further audit reveals additional contributions due.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors weigh in favor of entering default judgment for the Plaintiff.

As to Factor 1 – the Possibility of Prejudice to Plaintiff: Plaintiff is acting here in its fiduciary capacity for the Trust Funds, owing an exclusive duty to act only in the interest of participants and beneficiaries of the Trust Funds. [Complaint ¶¶ 2-3]. *See* ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). The relevant "prejudice" then, is to those participants and beneficiaries, for whose exclusive benefit Plaintiff must act. In enacting ERISA, Congress has declared "that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest;. . . ." ERISA § 1(a), 29 U.S.C. § 1001(a). The provision relied on here, ERISA § 515, 29 U.S.C. § 1145, was added in order "to simplify trust fund collection actions by restricting the availability of contract defenses, which make collection actions unnecessarily cumbersome and costly." *Mackillop v. Lowe's Mkt.*, 58 F.3d 1441, 1443 (9th Cir. 1995), *cert. denied* 516 U.S. 1113 (1996). These interests would be prejudice by any delay or extra costs in entering judgment. Therefore, this factor weighs in favor of entering default judgment.

///

-2-

Having considered the relevant evidence, the Court also finds that Factors 2 (Merits of Plaintiff's Substantive Claim), 3 (Sufficiency of the Complaint) and 4 (Sum of Money at Stake) support entry of default judgment. As to Factor 5 – the Possibility of a Dispute Regarding Material Facts: The Employer was given the opportunity to present additional documents. [Watanabe Decl ¶¶ 13-14]. The Employer was presented with the findings of the Audit, and given an opportunity to dispute it; it never did. [Watanabe Decl ¶ 17]. It cannot complain now of its own violation of this Court's Order for an Accounting. As to Factor 6 - Whether the Default Was Due to Excusable Neglect: Defendant had multiple opportunities to appear and defend themselves in this action and has not done so. The Court finds that these factors weigh in favor of entering default judgment.

As to Factor 7 – the Strong Public Policy Favoring Decision on the Merits: Any public policy favoring decisions on the merits must be balanced with the strong public policy to simplify collection of employee benefit contributions. As the Supreme Court explained, the Congressional concern for "holding employers to the full and prompt fulfillment of their contribution obligations are proper and weighty within the framework of ERISA." *Central States, SE & SW Areas Pension Fund v. Central Transport*, 472 U.S. 559, 574, (1985). The Court finds that all seven *Eitel* factors weigh in favor of entering default judgment for Plaintiff.

BASED UPON THESE FINDINGS, THE COURT GRANTS THE MOTION AND ENTERS DEFAULT JUDGMENT, AS FOLLOWS:

JUDGMENT is therefore entered, in favor of Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF"), against Defendant, GARRISON DEMOLITION AND ENGINEERING, INC., dba GARRISON DEMOLITION ENGINEERING, a California Corporation, as follows:

A.      On the **First Claim** for Relief, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and the provisions of the applicable collective bargaining agreements

and trust agreements, monetary judgment in favor of Plaintiff CLTF, against Defendant Employer is entered, in the following amounts:

1) Delinquent contributions found in the Partial Audit, for the period of February 1, 2022 through August 31, 2023, in the amount of $30,812.00;

2) Interest on the above delinquent contributions, through the hearing date on April 13, 2026, in the amount of $9,328.72;

3) Liquidated damages on the above delinquent contributions, in the amount of $6,151.08.

4) Audit costs of $1,280.00.

5) Attorney fees in the amount of $2,534.58, calculated pursuant to Local Rule 55-3

6) Court costs in the amount of $505.72 based on the following costs expended:

(a) $405.00 for filing the complaint

(b) $100.72 for service of process of the complaint

7) For a **total monetary judgment of $50,612.10 including fees and costs**. Satisfaction of this monetary judgment on the First Claim shall not satisfy the judgment for injunctive relief on the Second Claim, unless specifically stated so in the Acknowledgment of Satisfaction.

B. Pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), Plaintiff CLTF is entitled to a mandatory award of attorney fees and costs. Pursuant to the applicable collective bargaining agreement, if litigation is necessary to enforce the obligation to compel an audit, CLTF shall be entitled to attorney fees "whether or not the audit reveals a delinquency." Litigation was necessary here to compel an audit, so Plaintiff CLTF is entitled to its attorney fees and costs, regardless of the amount of contributions found due.

C. Given that Defendant has not produced all the records required for a complete audit, this Judgment shall not operate as res judicata as to the amount of

contributions due.  If additional contributions are found to be due through the audit ordered here, or otherwise, the Court reserves jurisdiction to either re-open this case, or to bring a subsequent action in this Court, in which counsel shall file a Notice of Related Case, referring to this case, pursuant to  L.R. 83-1.3.

D.     On the **Second Claim** for relief, pursuant to the Employee Retirement Income Security Act (ERISA) §§ 502(a)(3) and 502(g)(2)(E), 29 U.S.C. §§ 1132(a)(3) and1132(g)(2)(E), and the provisions of the applicable collective bargaining agreements and trust agreements, final injunctive relief is issued ordering Defendant to comply with an audit. In particular, IT IS ORDERED:

1.     That Defendant Employer, its officers, directors, employees, agents, and all persons acting by, through, or in concert with the Employer be compelled to forthwith submit to an audit of Employer's payroll and business records and that EMPLOYER produce the following payroll and business records for the time period of February 1, 2022 to current (Audit Period), to the Plaintiff Construction Laborers Trust Funds For Southern California Administrative Company ("Trust Funds") or their designated agent for inspection, examination and copying:

1.1.    All payroll and employee documents during the Audit Period including, but not limited to, including but not limited to all payroll records (including certified payroll records, electronic payroll records, and all records reflecting payments to trust funds other than the Laborer Trust Funds of Southern California Federal W-2 Forms, Forms 1099 and 1096, Quarterly State Tax returns, and time cards), all cash disbursement ledgers, all canceled checks, check registers, invoices and bank checking account statements, the scope of work portion of all contracts and subcontracts between general contractors and subcontractors. If requested by the Trusts, the Contractor shall provide payroll breakdown by job, and shall provide the job location, legal description of the jobsite property if known, the owner of job location, the name and address of the entity for which the Contractor is working, the contact telephone number for

the job, the names and social security numbers of the employees working on the job, the number of hours worked by each employee on the job, all preliminary notices, mechanic liens and stop notices on the job, other relevant job location information requested by the Trusts and certification of workers compensation coverage.

1.2.    All Employer's documents during the Audit Period related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

1.3.    All Employer's bank statements during the Audit Period for all checking, and savings accounts.

1.4.    All Employer's documents during the Audit Period related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, and all other documents which indicate cash disbursements.

1.5.    All collective bargaining agreements between Employer and any trade union in effect at any time during the Audit Period.

1.6.    All reports or statements submitted to any employee benefit plan, and a copy of the check(s) to such plan(s), for which Employer has claimed a credit on any certified payroll reports for work performed during the Audit Period.

2.    The TRUST FUNDS shall be provided with direct access to all documents specified in 1.1 through 1.6 above, in the manner in which such records are kept, including access to electronic data kept on payroll or accounting software. Employer shall allow the designated agent of the Trust Funds to enter its premises, or other premises where such records are kept, in order to inspect and copy the documents as they are kept.  The Employer shall provide direct access to any computer programs and/or files on which such records are kept to the designated agent of the Trust Funds for purposes of inspection and copying.

-6-

3.     Failure to comply with this injunction may subject the Employer and its responsible officers to contempt of court.  Any proceedings to enforce this injunction may be brought in this action, in accordance with Fed. R. Civ. P. 70(e) and the Local Rules. There is no stay of enforcement.

E.     The Judgment shall toll the statute of limitations as to anything found by the audit ordered.

IT IS SO ORDERED:

Dated: April 13, 2026

*Christine A. Snyder*

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE